UNITED AIRCRAFT CORPORATION, a Delaware corporation, Defendant Below, Appellant, v. PAN AMERICAN WORLD AIRWAYS, INC., a New York corporation, Plaintiff Below, Appellee.

(*March* 16, 1964.)

WOLCOTT and CAREY, Justices, and SHORT, Vice Chancellor, sitting.

*William Prickett, Jr.* (of Prickett and Prickett) for United Aircraft.

*James M. Tunnell, Jr.*, and *Andrew B. Kirkpatrick, Jr.* (of Morris, Nichols, Arsht and Tunnell) and *Frederic L. Atwood* (of Haight, Gardner, Poor and Havens, of New York City) for Pan American.

Supreme Court of the State of Delaware, No. 77, 1963.

WOLCOTT, Justice:

■ This is an appeal by United from a judgment rendered for Pan American for damage resulting to two of its DC-7B aircraft by reason of the fracturing of a drive gear shaft in governors supplied by the Hamilton Standard Division of United Aircraft Corporation and installed on Pan American's aircraft.

Basically, it is argued by United that the facts proved did not justify the finding of negligence on its part. We have reviewed the record and are of the opinion that the evidence supports the findings of the trial court. The judgment is therefore affirmed on the opinion below. *Pan American World Airways, Inc. v. United Aircraft Corp.*, Del.Super., 192 A.2d 913.

United attacks certain findings made by the trial court but, even if its position with respect to these minor findings were to be sustained, the ultimate result would

not be changed. As a matter of fact, we are of the opinion that the findings attacked are justified from the evidence.

In addition, United argues that the findings of negligence against it was made on the basis of hindsight and not in the light of the facts known to it prior to the actual injury. We think, however, that this is not so. It is true that facts developed after the injury confirmed the finding of negligence on the part of United, but there is in the record sufficient indication that United knew the defective nature of the gear shafts, or should have known of it, and nevertheless supplied them for use on DC-7B aircraft.

Our reason for this conclusion is briefly as follows: Hamilton Standard, the manufacturer of the governors installed on Pan American DC-7Bs was the admitted leader in the governor field and was so regarded by all of the aircraft industry which relied on Hamilton Standard's recommendations and accepted its advice and guidance. The drive gear shafts in question were designed and recommended by Hamilton Standard, and were accepted by Pan American upon that basis.

Prior to the injury to Pan American's aircraft two instances of gear shaft fracturing had occurred. As a result of investigation, Hamilton Standard advised the industry that these particular shafts were part of a bad manufacturer's lot and it withdrew from service all of the shafts of that lot. It is clear in the record that Pan American accepted this advice and continued to operate its aircraft after removal of any gear shafts of the bad manufacturer's lot.

Furthermore, it is apparent that following the first two instances of failure, Hamilton Standard investigated

and redesigned the gear shaft to correct the fault which had caused the fracture. Upon doing this, Hamilton Standard discarded all of the old type of shaft in its supply and substituted the newly-designed shaft. It did not, however, notify the industry.

This is not hindsight for these facts were known to Hamilton Standard prior to the fracturing of the two shafts in question. This, we think, supports the finding of negligence on the part of United.

United argues that judgment should have been entered for it because Pan American itself was guilty of contributory negligence in not grounding its DC-7Bs after the first fracture. The argument is based fundamentally on the testimony of one of Pan American's engineers to the effect that he had examined one of the shafts in question and considered a particular feature of its design— that is, the square oil ports—to be not in conformity with ordinarily-considered good-design practice. However, he testified flatly that, nevertheless, he relied on the superior knowledge of Hamilton Standard with respect to such shafts and accepted the design.

The fact that Hamilton Standard was looked to by the industry as the leader in the field, we think, justified the reliance of Pan American upon its recommendation. Had Hamilton Standard advised the industry of the new design of its shaft a different situation might have resulted. This, however, it did not do. The flying of Pan American's DC-7Bs was continued in the belief that Hamilton Standard's recommendations were still in effect.

In seems also significant to us that as soon as Pan American received definite information that the second accident was caused by a fracture of a shaft, not of the faulty manufacturer's lot, it grounded its entire flight

of DC-7Bs. This, we think, exonerates it from any charge of contributory negligence.

For the foregoing reasons, the judgment below is affirmed.